Dean *v.* Wilkerson.

---

No. 14,486.

## Dean *v.* Wilkerson.

Evidence.—*Action on Renewal Note.—Gift of Original Notes.—Declarations of Payee of Note.—Admissibility of to Establish Gift.—Hearsay Evidence.*— In an action on a promissory note, which was executed to the plaintiff by the defendant in renewal of two other notes executed by the defendant to the father of the plaintiff, said last mentioned notes being in the possession of the plaintiff, but not endorsed to him, it was competent for the plaintiff to prove declarations made by the father in his lifetime to third persons, in the absence of the defendant, to the effect that he had made a gift to the plaintiff of the notes in consideration of which the note in suit was executed.

From the Jennings Circuit Court.

*J. G. Berkshire* and *G. F. Lawrence,* for appellant.

*J. Overmyer* and *F. E. Little,* for appellee.

Dean *v.* Wilkerson.

COFFEY, J.—This was an action by the appellee against the appellant on a promissory note executed by the appellant to the appellee. The defence sought to be established in the circuit court was that the note in suit was executed without any consideration.

The note was executed in renewal of two other notes executed by the appellant to Thomas Wilkerson, the father of the appellee, found in the possession of appellee, but not endorsed to him.

It was contended by the appellant in the circuit court that the notes, in renewal of which the note in suit was executed, were the property of Thomas Wilkerson, and for that reason the note in suit, having been made payable to the appellee, was without any consideration.

On the other hand it was contended by the appellee that the two notes in renewal of which the note in suit was executed had been given to him by Thomas Wilkerson, the father, in a distribution among his children of the notes held by the father.

The evidence as to whether the appellee was the owner of the two notes above mentioned was conflicting. We will not undertake to weigh the evidence. The objection, therefore, that the verdict of the jury is not supported by the evidence can not be sustained.

It is, also, urged by the appellant that the court erred in its instructions to the jury. The objections to the instructions are that they are not applicable to the evidence in the cause, and that they assume the existence of controverted facts.

We have carefully examined the instructions, and think they are applicable to the evidence introduced on the trial of the cause. Counsel are also in error in their contention that the instructions assume the existence of controverted facts.

The instructions are hypothetical, properly leaving to the jury all questions of fact involved in the cause.

Finally, it is contended by the appellant that the court erred in admitting the evidence of Alonzo G. Smith, Lafayette Wilkerson and Charles D. Butler.

The evidence of these witnesses consisted of declarations made by Thomas Wilkerson, father of the appellee, who departed this life before the trial of the cause, to the effect that he had made a gift to the appellee of the notes, in consideration of which the note in suit was executed.

These declarations were made in the absence of the appellant, and as Thomas Wilkerson was not a party to the suit it is contended that his declarations constituted hearsay evidence, and that they were not, for that reason, admissible.

It is to be observed that Thomas Wilkerson was dead and could not be produced in court as a witness on behalf of the appellee. The declarations introduced in evidence were against the interests of Thomas Wilkerson, and related to a fact about which he possessed competent knowledge. This constitutes one of the exceptions to the general rule upon the subject of hearsay evidence. 1 Greenleaf Ev., section 147; *Royse* v. *Leaming,* 72 Ind. 182.

Mr. Greenleaf, vol. 1, section 148, in discussing the admissibility of this class of evidence, says: " The *ground* upon which this evidence is received, is the *extreme improbability of its falsehood.* The regard which men usually pay to their own interests is deemed a sufficient security, both that the declarations were not made under any mistake of fact, or want of information on the part of the declarant, if he had the requisite means of knowledge, and that the matter declared is true."

We can not presume that Thomas Wilkerson did not possess knowledge as to whether he made a gift to his son James of the notes, constituting the consideration of the note in suit; nor can we presume he would declare he had parted with his title unless such declaration was true. In our opinion the court did not err in admitting this evidence.

· There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

BERKSHIRE, J., took no part in the decision of this cause.

