14,893.

SCOTT *v.* HARRIS ET AL.

ADVANCEMENT.—*Presumption.—Burden of Proof.*—A voluntary conveyance of land by a parent to a child is presumed to have been intended as an advancement, and the burden of proof is upon the party claiming that it is not.

PARTITION.—*Interlocutory Order.—Advancement.*— Where partition is ordered the court can do no more than fix the amount to be charged against a co-tenant as an advancement, and the commissioners make the proper apportionment of the land between the tenants, deducting from the share of a tenant the amount advanced to him.

SAME.—*Rule for Commissioners.*—The commissioners, in making partition, must apportion and set apart to each tenant, by metes and bounds, the portion in value to which he is entitled; and if there be advancements to be taken into consideration, they ascertain the value of the land to be partitioned, together with the advancements to the tenants, and apportion to each tenant his share of the real estate. If, by reason of an advancement, a tenant is not entitled to a part of the real estate, then they apportion it between the other tenants. Their acts are not judicial, but mere computations based on the judgment of partition defining the share of each tenant.

WITNESS.— *Widow.—Competent in a Partition Suit of Her Deceased Husband's Land.—Effect of Advancement on Her Interest.*—In an action for partition by the heirs of a land-owner, his widow, though a party to the record, is competent to testify to the statements of her husband concerning advancements made to one of the heirs, if no objection is made that such

statements are confidential and for that reason incompetent. Advance-ments made by her husband in no way affect her right to one-third of his real estate, and she has no interest in the controversy in relation to such advancements.

From the Wayne Circuit Court.

*H. C. Fox* and *J. F. Robbins,* for appellant.

*J. F. Kibbey,* for appellees.

OLDS, C. J.—John Scott died the owner of certain real estate in Wayne county, and this is an action for the partition of the same between his widow and children, who are parties to the suit. It was sought to charge, and the court did charge, the appellant with an advancement to him of sixty acres of land conveyed to appellant by his father, John Scott, in his lifetime.

The first question presented and discussed is as to whether or not the evidence shows the land to have been an advance-ment, and we are favored with a learned and interesting ar-gument on behalf of counsel for the appellant as to the defi-nition and nature of an advancement, but what it takes to constitute an advancement is so well understood by the legal profession, and the books are so replete with definitions of an advancement that we regard it unnecessary to go into the question and attempt to formulate a definition which would cast any light upon the question presented. The most important legal principle to be considered in determin-ing the question presented is as to what legal principle ap-plies in weighing the evidence adduced, from which it must be determined whether the land was transferred as a gift, an advancement, or under a bargain and sale by which it was to be paid for at a stipulated amount, and which amount stands as an unliquidated indebtedness against the appel-lant. If an advancement at all, it remains so regardless of any technical definition that may be given to the word "ad-vancement."

In the case of *Ruch* v. *Biery,* 110 Ind. 444 (448), the

rule is stated to be: "A voluntary conveyance of land by a parent to a child is presumed to have been intended as an advancement, and the burden of proof is upon the party claiming it to be anything else." Adhering to this rule the court was justified in holding, under the evidence in this case, that the land conveyed by the father to the appellant was an advancement. It is true the evidence is not very satisfactory, but there is some evidence to sustain the finding of the court, which, together with the presumption in favor of an equal distribution of property, supports the finding that it was an advancement. There is also evidence to sustain the finding as to the amount charged against the appellant. There was some evidence fixing the value of the land at $3,000, and that appellant had paid $400 on the same; the deed fixed its value at $4,800; certainly the appellant can not complain when he is only charged $2,600.

The next reason urged why the judgment should be reversed relates to the form of interlocutory order for partition.

The interlocutory order and judgment is as follows: "It is, therefore, ordered, considered and adjudged that each of the said plaintiffs, Laura Harris, E. Celeste Bond, Mary Bond and Ionia Bond, is the owner of the undivided two-fifteenths of the real estate described in said complaint, and situate in Wayne county, State of Indiana, to wit: The east half of the northwest quarter of section thirty-two (32), township seventeen (17), range thirteen (13) east, excepting twenty (20) acres out of the southeast corner of said quarter, beginning at the southeast corner of said quarter; thence west forty-one (41) rods and two and one-half (2½) links; thence east forty-one (41) rods and four (4) links; thence south seventy-seven (77) rods and twenty-two (22) links, each share of which is enhanced in value by the said advancement to said James A. Scott; that said Martha J. Scott is the owner in fee of the undivided one-third of said real estate, and that said James A. Scott is the owner of the

undivided two-fifteenths of said real estate, less twenty-six hundred dollars, the amount of said advancement to him. It is further ordered that in making partition of said real estate among said owners that said advancement of twenty-six hundred dollars be considered and charged to said defendant, James A. Scott. It is further ordered and adjudged that Robert A. Howard, John Calloway and Barzilla Clark be and are hereby appointed commissioners to make partition of said real estate, and that in doing so they shall assign and set apart to said defendant, Martha J. Scott, the one-third in value of said real estate to be held by her in severalty; that they shall appraise and ascertain the value of the remaining two-thirds of said real estate, and if the sum of the one-fifth of said value added to the one-fifth of said advancement of twenty-six hundred dollars shall be twenty-six hundred dollars or less, then said commissioners shall exclude said James A. Scott from any share in said real estate, and said commissioners shall assign and set apart to each of said plaintiffs, Laura Harris, E. Celeste Bond, Mary Bond and Ionia Bond, the one-fourth in value of said two-thirds of said real estate to be held by each in severalty. Said James A. Scott shall stand charged with the excess of said advancement to him over the one-fourth value of said real estate. But if said advancement is less than one-fifth in value of the said real estate not assigned to the widow, said commissioners shall assign and set apart to each of said plaintiffs, Laura Harris, Mary Bond, E. Celeste Bond and Ionia Bond, a quantity of said real estate not assigned to the widow, and one-fifth of such advancement, and shall assign to said James A. Scott the same quantity in value less the amount of said advancement, and report their proceedings at the next term of this court."

This is a proper form of a judgment. The court, where partition is ordered, can do no more than fix the amount to be charged against a co-tenant as an advancement, and the commissioners appointed to make the partition make the

proper apportionment of the land between the tenants, de-
ducting from the share of the tenant the amount advanced
to such tenant.

The commissioners, in making partition in any case, ap-
portion and set apart to each tenant by metes and bounds the
portion in value to which such tenant is entitled, and when
there are advancements to be taken into consideration, they
ascertain the value of the land to be partitioned, together
with the advancements to the tenants, and apportion to each
tenant his share of the real estate. If by reason of an ad-
vancement a tenant is entitled to no part of the real estate,
then they apportion the same between the other tenants.

The act of making the computations and deductions is
not a judicial act, but a mere computation, based upon the
judgment of the court defining the share in the estate to
which each tenant is entitled, and to be charged against any
tenant as an advancement. This is the only practical way a
partition could be made by commissioners, otherwise the
court would have to hear evidence as to the value of the land,
and make partition without the aid of commissioners, which
is not contemplated by our statute and mode of procedure.

The next and only additional question presented for de-
cision is admitting the deposition and evidence of Martha J.
Scott, widow of the deceased, who was a party defendant.

The sole question in controversy relates to the advance-
ment to the appellant. This question in no way affected the
rights of the widow. She was entitled to one-third of the
real estate sought to be partitioned regardless of whether the
land conveyed by her husband in his lifetime, in which con-
veyance she joined to the appellant, was an advancement or
not. While she was a party to the suit she had no interest
in the controversy in relation to the advancement and to
which her evidence related. The grounds of objection stated
to her deposition, and to certain portions of it, were based
upon the fact that she was the widow of John Scott, de-
ceased, through whom the parties claim title to the land, and

Scott *v.* Harris.

is a necessary party to this action, and has an interest in the subject-matter of the suit, and that the specific questions objected to relate to and are concerning matters that occurred prior to the death of the said John Scott.

No objection was made in the court below to the evidence on account of it being confidential communications between the witness and her husband, hence no objection to its competency can be presented in this court on the grounds of confidential communications, and the question here presented is as to whether the evidence was objectionable or not for the other reasons stated.

It is contended that Mrs. Scott was an incompetent witness under section 499, R. S. 1881.

The word " party," as used in this section, has been construed to mean a party to the issue, and not merely a party to the record, and if merely a party to the record it must appear that he has some interest in the suit in common with the party calling him as a witness in order to render him incompetent as a witness. *Spencer* v. *Robbins,* 106 Ind. 580 (587). This is decisive of the question involved in this case. Mrs. Scott, while a party to the record and to the suit, had no interest in the result of the issue joined as to the question of advancement to the appellant.

There is no error in the record.

Judgment affirmed, with costs.

Filed March 31, 1891.