McDaneld *v.* McDaneld *et al.*

No. 16,588.

McDANELD *v.* McDANELD ET AL.

SUPREME COURT PRACTICE.—*Sufficiency of Evidence.—Conflicting Evidence.*—Where the evidence is conflicting, and there is evidence sufficient to support the finding, the appellate tribunal will not disturb the finding.

EVIDENCE.—*Real Estate.—Specific Performance.—Quieting Title.—Possession.—Rent.—Taxes.—Res Gestæ.*—In an action for specific performance of contract to convey land, and to quiet title, wherein it is alleged that the defendant's decedent agreed with plaintiff that if she would make certain repairs thereon and pay the taxes, such land should belong to plaintiff at decedent's death, alleging compliance with such agreement on the part of plaintiff, and possession by her of the land, it was not error to permit the defense to prove that the decedent was in possession for thirteen years thereafter, just previous to his death; that he paid the taxes thereon, made repairs, collected rents, and made declarations about the ownership of the property while thus in possession, such declarations being part of the *res gestæ,* and inconsistent with the theory of the plaintiff.

SAME.—*Impeaching Evidence.—Letter.—Foundation for Impeachment.*—It is not error to admit in evidence a letter written by a witness, which is wholly inconsistent with, and tends to impeach, his testimony, even though no proper foundation was laid for the impeachment, where no objection was made to its admission, for such reason.

From the Clark Circuit Court.

*J. B. Meriwether* and *L. A. Douglass,* for appellant.

*J. K. Marsh,* for appellees.

COFFEY, J.—This was an action by the appellant, Amanda McDaneld, in the Clark Circuit Court, against the appellees, for specific performance, and to quiet title to certain described real estate in the city of Jeffersonville.

It is alleged, in the complaint, substantially, that in the year 1868, the appellant entered into a contract with one Nathan McDaneld, who was then the owner in fee simple, of the real estate in controversy, by the terms of

which it was agreed that the appellant should become the owner of the property at the death of the said Nathan, in consideration that she would, with her own money, repair and reconstruct the buildings thereon, which were, at the time, much dilapidated and out of repair; that pursuant to the terms of said contract she did repair and reconstruct said buildings, at a cost of sixteen hundred dollars, and upon the completion of the same, with the consent of the said Nathan McDaneld, took possession of said property, and retained control thereof until his death; that the repairs were completed in 1868, and that the said Nathan died in October, 1885; that he died testate, and, by his will, attempted to devise said property to Richard B. McDaneld for life, with remainder to the appellees, Joseph W. and Winfield S. McDaneld, and charged said property with the payment of a legacy of one thousand dollars to the appellee Joseph W. McDaneld; that at the death of the said Nathan McDaneld, the property became, and now is, her property, by reason of the facts above stated.

Prayer for the appointment of a commissioner to execute a deed, and for a decree quieting title.

The appellees answered this complaint by a general denial.

A trial of the cause, by the court, resulted in a finding and judgment for the appellees, from which this appeal is prosecuted.

The error assigned is that the court erred in overruling the appellant's motion for a new trial.

The facts in the case, as shown by the evidence, are that Nathan McDaneld was the owner in fee simple, of the real estate in controversy, from the year 1850 to the time of his death, which occurred on the 28th day of October, 1885. At the time of his death he left a widow and three children, namely: Richard B. McDaneld,

husband of the appellant; Daniel W. McDaneld, and Winfield S. McDaneld.

He disposed of all his property, by will, among his widow and children, and his estate has been fully administered and settled, and the executor discharged.

The evidence introduced by the appellant on the trial of this cause tended to prove that in the year 1868 she and the deceased entered into a contract, by the terms of which he agreed, in consideration that she would repair the buildings situate on the real estate in controversy, that the property should become hers at the time of his death, and that pursuant to the terms of the contract she did repair the buildings thereon, at a considerable outlay of money. Upon the completion of the repairs, she took possession of the property, and occupied it as a milliner store for more than a year, when she vacated the premises, renting them to a tenant. At the time of this alleged contract, and for some time after the repairs were made, the appellant was the wife of Richard B. McDaneld; the son of the deceased.

The theory of the defense, and the evidence on behalf of the appellees, tended to prove that it was in the year 1868 that the deceased turned the property in dispute over to his son, Richard B. McDaneld, the husband of the appellant, under an agreement that it should become his at the death of the father, on condition that he would keep it in repair and pay the taxes and assessments against it, and that the repairs, which the appellant claims were made by her, were made under this agreement.

The son failing to pay the taxes pursuant to the agreement, his father reclaimed the property, about 1872, with the consent of the son, and held it from that date until his death. About 1873, the appellant obtained a divorce from Richard B. McDaneld, and intermarried with an-

other man, with whom she lived until his death, and, after the death of Nathan McDaneld, she again married Richard B. McDaneld, and is now his wife.

After the alleged contract with the appellant, Nathan McDaneld had possession of the property in controversy for the period of about thirteen years, claiming to be the owner, renting the same, collecting and appropriating the rent to his own use, and paying the taxes thereon. During all that time the appellant resided in the city of Jeffersonville, near the property, and made no claim of ownership, nor did she make any claim to the rents or profits of the land, or pay any taxes.

It was the province of the trial court to determine from the evidence, which of these two conflicting theories was the true one. After hearing all the evidence, he reached the conclusion that the theory of the appellees was correct.

There is evidence, both direct and circumstantial, tending to support the conclusion reached by the circuit court, and, under the well known rules, we are not at liberty to disturb that conclusion.

The court did not err, we think, in permitting the appellees to prove, on the trial of the cause, that Nathan McDaneld was in possession of the real estate from 1872 to the time of his death; that he paid the taxes thereon, made repairs, collected the rents, and what he said about the ownership of the property while so in possession. Such facts were inconsistent with the theory and claim of the appellant, and tended to support the theory of the appellees.

Whatever was said or done by Nathan McDaneld, in relation to the property in controversy, while he was in possession, including what he said as to the ownership, was *res gestæ*, and, under the authorities in this State was admissible in evidence. 21 Am. and Eng. Encyc.

of Law, p. 117; *McConnell* v. *Hannah, Admr.*, 96 Ind. 102; *Proctor* v. *Cole*, 104 Ind. 373; *Brown, Admr.*, v. *Kenyon*, 108 Ind. 283; *Maus* v. *Bome*, 123 Ind. 522; *Steeple* v. *Downing*, 60 Ind. 478; *Tedrowe* v. *Esher*, 56 Ind. 443; *Tyres* v. *Kennedy*, 126 Ind. 523.

We do not think the court erred in permitting D. W. McDaneld and W. S. McDaneld to testify as witnesses in this cause. They have no interest whatever in the property in controversy. By the will of Nathan McDaneld, it is bequeathed to the husband of the appellant, for life, with remainder over to persons other than these witnesses. It is thus made to appear that they have no interest in this controversy.

To render a party incompetent to testify, under the provisions of section 499, R. S. 1881, it must appear that such party has some interest in the result of the suit. *Spencer* v. *Robbins*, 106 Ind. 580; *Scott* v. *Harris*, 127 Ind. 520.

Nor do we think the court erred in admitting in evidence a letter written by Richard B. McDaneld to his brother Winfield S. McDaneld. The former testified as a witness in this case, and such letter was wholly inconsistent with his testimony, and tended strongly to impeach it. The appellant did not point out to the court, as an objection to the reading of this letter, that no proper foundation had been laid for the impeachment of the witness.

We find no error in the record for which this judgment should be reversed.

Judgment affirmed.

Filed Feb. 1, 1894.