## BURR *v.* SMITH.

[No. 18,470.   Filed April 21, 1899.]

BOUNDARIES.— *Establishment.— Injunction.— Complaint.—* Plaintiff brought suit to enjoin an adjoining landowner from entering upon her lands and appropriating to his own use a certain strip of land. The complaint alleged that plaintiff was the owner of a certain described tract of land, and that adjoining same on the east was the land owned by defendant; that the respective owners thereof had agreed upon a line dividing such tracts, and constructed a partition fence thereon more than twenty years before the commencement of the action, which had ever since been recognized as the true line, and that defendant had wrongfully entered upon plaintiff's land at a point ten feet west of said line for the purpose of locating a partition fence. *Held,* that the complaint sufficiently alleged that plaintiff was the owner of the land to the partition fence. *pp. 470, 471.*

SAME.—*Adverse Possession.—Pleading.—*A complaint in an action to enjoin an adjoining landowner from encroaching upon the lands of

plaintiff, which discloses a continued, notorious, exclusive, and adverse occupancy of the land by plaintiff and grantors for a period of over twenty years, is not bad for failure to allege that the occupancy was under claim or color of title. *pp. 471, 472.*

APPEAL AND ERROR.—*Evidence.*—Where there is evidence sufficient to support the finding the Supreme Court will not disturb the judgment upon the weight of the evidence. *p. 472.*

EVIDENCE.—*Adverse Possession.—Declaration of Grantor.*—The declarations of grantor made at the time of negotiation and sale of real estate as to the boundaries thereof are admissible in evidence in an action by grantee to enjoin an adjoining owner from encroachment, where the title of plaintiff depended upon adverse possession. *pp. 472-474.*

From the Henry Circuit Court.     *Affirmed.*

*H. L. Burr* and *William A. Brown,* for appellant.

*E. H. Bundy* and *J. M. Morris,* for appellee.

JORDAN, J.—This action was commenced by appellee, and successfully prosecuted, to enjoin appellant from entering upon certain land alleged to be owned and possessed by the appellee.     The questions discussed by the parties relate to the sufficiency of the complaint, and to the action of the court in denying the motion for a new trial.

The controversy between the parties is in regard to the title of a strip of ground situated on the west side of a certain fence line.     The complaint may be summarized as follows: Appellee is the owner of five acres of land, described in her complaint, situated in Henry county, Indiana.     Adjoining this tract on the east are five acres of land owned by the appellant.     In 1871, twenty years and over before the commencement of this action, the respective grantors of appellant and appellee laid out and agreed upon the line dividing said tracts, and constructed on said agreed line a partition fence.     This fence, for a period of more than twenty years, has been recognized and considered as the true line dividing appellee's said tract of land, on the east, from that owned by appellant on the west.

Appellee and her immediate grantor, for over twenty

years, have been in "full, actual, visible, notorious, exclusive, and continuous possession" of the land situated on the west side of this fence, and have held and possessed it, adverse to the appellant and his grantors, during said period of time, by virtue of appellee's title, and that of her grantor, and by virtue of the agreement establishing the fence as the dividing line between the lands of said parties.

In June, 1895, prior to the beginning of this suit, appellant unlawfully entered upon appellee's said land, at a point about ten feet west of the east line of her said lands, and west of this division fence, and dug holes, and planted fence posts therein, and is threatening to build the fence on her said land, and thereby unlawfully appropriate to his own use a certain strip of ground off the east side of her said tract, to her great damage, etc.

It is insisted by appellant that the complaint does not show that appellee claims to be the owner of any land, "either by deed or by adverse possession, other than the land described in the complaint." Hence, it is said, that it is left to be presumed that she is the owner of other lands, not described, on which the fence in question was built under the alleged agreement. There is no merit in this contention. The complaint sufficiently shows that appellee is the owner of the five acres described in the complaint, and that this tract adjoins on the east the lands of appellant, and that the fence in question was the dividing line between those two tracts; that the appellant was erecting and threatened to continue to erect a fence west of the old line fence, upon the very lands of which appellee alleged she was the owner and in possession.

She does not, in her complaint, seek to recover any particular land, but seeks only to enjoin appellant from entering and erecting a fence upon the lands described, of which she, as it is alleged, is the owner.

It is further urged that the complaint is bad for the reason that it does not allege, as contended, that appellant or her

predecessors occupied the strip of land in dispute under a claim or color of title. It was not necessary, in addition to the facts shown by the complaint, to aver that the land in question was occupied under a claim or color of title. The pleading, as we have seen, discloses a continued, notorious, exclusive, and adverse occupancy of this land by appellee and her predecessors, through whom she claims, for a period of over twenty years. The acquisition of land by adverse occupancy or possession is based upon the twenty-year statute of limitation; and, when this period has completely run, it operates, to all intents and purposes, to extinguish the rights and title of the true owner, and vests the title in fee simple in the adverse occupant. It follows, therefore, that appellant's objections to the complaint are not tenable. *Roots* v. *Beck*, 109 Ind. 472; *Palmer* v. *Dosch*, 148 Ind. 10, and cases there cited.

We have read and considered the evidence, and it is sufficient, in our opinion, to sustain the judgment of the lower court. There is evidence showing that the fence in question was considered and recognized by the predecessors of the resepective parties herein as a division line, as far back as 1868; and for twenty years, at least, the land in controversy, west of this fence, has been occupied and used up to the fence line by appellee and her immediate grantor. In fact, there is evidence tending to show that the statute of limitation had fully run, and settled the question, as to the prescriptive title of the grantor of appellee, as against the grantor of appellant, before either of the parties to this action became owners of the respective tracts of land lying east and west of the old fence line. There being evidence sufficient to support the finding in favor of appellee, we therefore cannot disturb the judgment on questions arising upon the weight of the evidence.

The court, over the objections of appellant, permitted appellee to prove by her husband, Edward B. Smith, a certain declaration of Michael Carr, appellee's immediate grantor. Carr, at the time he made the declaration in question, it

appears, was in the actual possession of the land, claiming to be the owner thereof, and Smith, the witness, was proposing to purchase it for appellee, his wife.    The witness stated that he inquired of Carr in regard to the fence line in controversy, and asked him if there had been any question about this line, and Carr replied that "there had not been."    Counsel for appellant contend that this statement made upon the part of Carr, under the circumstances, was not competent; that it was a self-serving declaration made by him in support of his title, in the absence of appellant, and therefore was not admissible as evidence.    Counsel for appellee, on the other hand, maintain that the declaration or statement made by Carr, to the effect that there had been no question raised in regard to this fence line, was competent evidence, because the title to the land involved depended upon the adverse possession upon the part of appellee and her grantor; hence, the declaration was proper as tending to prove, at the time Carr sold the land to appellee, that he was in possession, and claiming title as far east as the fence which was recognized as the boundary line.    Carr, as we have said, was, at the time he made the declaration, in actual possession of the land in dispute.    The statement in controversy was made by him to the witness, Mr. Smith, who was then proposing to purchase the land for the appellee.    His declaration was contemporaneous with his possession, and related thereto, as it at least tended to show the extent of Carr's possessory rights, or, in other words, that his occupancy extended east to this fence line.    The fact that he was in possession of the land, and occupied it up to this line, at and prior to the time of appellee's purchase, certainly, under the issues, were facts proper to be introduced in evidence.    His possession or occupancy of the land was the act or *res gestae* admissible in evidence, and what he may have declared or said contemporaneous with this possession, explanatory thereof or relative thereto, and germane to the issues in this case, was equally competent and admissible as a part of the *res gestae.*

It is well settled, as a rule of evidence, that, whenever it is competent to prove an act or transaction, the declaration of the actor, accompanying the act, in relation thereto or explanatory thereof, may also be proved; and the fact that such declaration is self-serving, or, in other words, will operate to the benefit of the declarant, will not render the declaration incompetent as evidence in his behalf. The declaration in controversy, under the circumstances, comes within the rule asserted and enforced by the decisions of this court. *McConnell* v. *Hannah*, 96 Ind. 102, and authorities there cited; *Creighton* v. *Hoppis*, 99 Ind. 369; *Brown* v. *Kenyon*, 108 Ind. 283; *Durham* v. *Shannon*, 116 Ind. 403. In Jones on Ev. section 358, the author, after stating that the declarations of those in possession of land, made in respect to boundary lines or the extent of the occupation, are sometimes received as a part of the *res gestae*, says: "Thus to establish adverse possession, the plaintiff may prove the declarations of former owners under whom he claims, when such declarations were made during possession and while defining or pointing out the boundaries to a person negotiating for the purchase." See also in support of this doctrine *Abeel* v. *Van Gelder*, 36 N. Y. 513.

We find no error in the rulings which appellant has presented for our consideration, and the judgment is therefore affirmed.