## VANNICE v. DUNGAN, ADMINISTRATOR, ET AL.

[No. 6,155.   Filed January 10, 1908.]

1. PLEADING. — Complaint. — Surplusage.—Verbal Liens.—Cancelation.—Where a complaint, among other things, alleges that thirteen years before the bringing of the suit decedent and plaintiff agreed that decedent should have a verbal lien upon plaintiff's cattle and their increase, but which did not aver that a lien existed on the cattle now in plaintiff's possession, or that defendants claimed any such lien, the allegations in reference to such lien must be regarded as surplusage. p. 28.

2. APPEAL.—Evidence.—Improper Admission of.—How Shown to be Erroneous.—Appellant must affirmatively show error by the record; and where the evidence excluded might or might not be competent, depending upon other facts proven, the entire evidence must be brought before the court on appeal. p. 30.

3. SAME.—Evidence.—Improper Admission of.—Declarations of Title.—Where declarations of title were admitted, and the entire evidence is not contained in the record on appeal, it will be presumed that facts were proven showing that the declarant was in the undisputed possession of the land as owner, at the time of the making of such declarations. p. 30.

4. EVIDENCE.—Declarations of Title.—Tax Lists.—Possession.—Res Gestae.—Declarations made by the legal holder of the title to lands, as well as tax assessment lists made by him, are admissible in evidence, as part of the res gestae, to show the character of his possession. p. 31.

5. SAME.—Tax Lists.—Financial Condition of Owner.—In a suit to cancel a deed and an alleged lien, executed by plaintiff to defendants' decedent, the allegations as to such lien being surplusage, tax lists showing decedent's personalty are inadmissible as without the issues, and as to showing decedent's financial condition, such lists are wholly immaterial. p. 31.

6. NEW TRIAL.—*Of Right.—Title.—Outside Issues.*—A new trial, as a matter of right, is not demandable, where the complaint calls for the cancelation of a deed, a verbal lien on chattels, and for an accounting. p. 32.

From Hendricks Circuit Court; *James L. Clark*, Special Judge.

Suit by James O. Vannice against James A. Dungan, as administrator of the estate of Washington Gregg, deceased, and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*T. S. Adams* and *O. E. Gulley*, for appellant.
*Brill & Harvey*, for appellees.

RABB, J.—This suit was brought in the court below by the appellant against the administrator of the estate and the heirs at law of Washington Gregg, deceased. The complaint is in one paragraph, and seeks to have a certain deed, executed by the appellant to the decedent, declared a mortgage, to have an accounting between the estate of the deceased and the appellant, and the amount of the mortgage debt fixed and determined by the court. There are other allegations in the complaint to the effect that at the time the deed in question was executed by appellant to said decedent, more than thirteen years before the bringing of the suit, it was verbally agreed that said Gregg should also have a lien on eight or ten head of cattle then owned by appellant, and that by accretions and purchase said herd of cattle had increased to seventy in number; that plaintiff was then and had always been in exclusive possession and control of said property, and the relief sought so far as the cattle are concerned, was the cancelation of the supposed lien thereon. It is not averred in the complaint with reference to the cattle that there ever was any lien or pretense of a lien on the cattle now in appellant's possession, mentioned in the complaint, or that the decedent, or

any of the appellees, had ever asserted any claim to said cattle, and so far as these allegations of the complaint are concerned they are mere surplusage, and present no issuable fact for trial. The cause was put at issue, tried by the court, and a finding and judgment rendered in favor of appellees. Appellant's motion for a new trial for cause was overruled, as was also his motion for a new trial as a matter of right, and the rulings of the court below upon these motions are assigned as errors here.

The reasons set forth in appellant's motion for a new trial for cause, that are urged here as sufficient to entitle him to a reversal of this case, are the ruling of the court in permitting witnesses to testify to certain declarations and statements made by the deceased, Gregg, subsequently to the date of the deed from appellant to him, and in the absence of the appellant, with reference to the property in controversy, conversations in which Gregg placed a price upon the property, offering it for sale, conversations had with third persons with reference to improvements upon the farm, such as the building of fences and paying for them, and conversations had with the auditor of the county regarding the mortgaging of the premises to secure a school-fund loan; the ruling of the court in admitting in evidence certain tax-assessment sheets made out by Gregg for the year 1894, in Center township, showing that he in that year gave in for taxation certain cattle, in admitting in evidence the tax duplicate of the town of Danville for the year 1894, showing the taxable property assessed to the appellant for the year 1895; and in refusing to admit in evidence the tax schedules made out by the deceased, Gregg, for the town of Danville, for the years 1892 and 1894. The evidence given upon the trial of the cause is not before this court, except that of the witnesses whose testimony was objected to, and the tax schedules that were objected to.

It is incumbent upon the appellant, before he can claim a

reversal of this case, to present to this court a record which affirmatively shows reversible error committed against him in the court below. All presumptions are indulged in favor of the correctness of the rulings of the lower court, and if any ruling complained of here may or may not have been correct, owing to the facts appearing in evidence, then all the evidence must be before this court before the question can be considered.

Here, the question whether these statements and declarations of the deceased, Washington Gregg, were competent to go in evidence was dependent upon the question whether they were made at a time when said Gregg was in full and undisputed possession and control of the real estate in controversy. Appellant assumes in argument that it does not appear that Washington Gregg was in possession and control of the real estate in controversy at the time his declarations and statements introduced in evidence were made, and it is true that this fact does not appear from the record presented to this court. But the question of admitting the evidence was not originally presented to this court. It was presented to the court below, and it is here for this court to review the decision made by that court, and this court, before it can intelligently pass upon the question, must be placed in the same position occupied by the court below. There may have been ample evidence before the court below to show that Washington Gregg was, when these statements were made, and had been from the date the deed was executed by appellant to him, in the full, complete and undisputed possession of the premises, and that no question had ever been made about his right, either to the possession or to the ownership of the lands in question by the appellant until after his decease. We are bound to presume, in favor of the ruling of the court below, that these facts did appear in evidence, and that these declarations and statements of Gregg were admitted by the .

lower court, not to prove the appellant's title, but
4. to prove the nature and character of his possession,
and that he was in possession of the premises as the
owner thereof and not as the trustee of the appellant, and
for this purpose they were admissible.  They could not have
been admitted to prove title, for about that there was no
dispute.  The complaint averred the legal title to be in
Gregg, and if Gregg was in possession of the premises, the
question would then arise, was he in possession as owner,
or was he in possession as a trustee for Vannice, and to hold
the premises until his debt was paid?  These declarations
would, under the authorities, be competent as a part of the
*res gestae* of the possession.  *Knight* v. *Knight* (1899), 178
·Ill. 553, 53 N. E. 306; *Duffey* v. *Presbyterian Congregation*
(1864), 48 Pa. St. 46; *Ricard* v. *Williams* (1822), 7 Wheat.
59, 5 L. Ed. 398; *Austin* v. *Allen* (1858), 6 Wis. *134;
*Roebke* v. *Andrews* (1870), 26 Wis. 311; *Stockton Sav. Bank*
v. *Staples* (1893), 98 Cal. 189, 32 Pac. 936; *Burr* v. *Smith*
(1899), 152 Ind. 469; *McDaneld* v. *McDaneld* (1894), 136
Ind. 603.  In the case last cited, the plaintiff claimed title
by virtue of a parol contract with the defendant's testator,
who held the legal title.  The testator, after it is claimed
the parol contract was made, held possession of the property
for thirteen years.  The court permitted the defendant to
prove what he said about the title while in possession, and in
passing upon this question say:  "Whatever was said and
done by Nathan McDaneld, in relation to the property in
controversy, while he was in possession, including what he
said as to the ownership, was *res gestae,* and, under the
authorities in this State, admissible."

The assessment sheets of Gregg admitted in evidence, and
those rejected, could in no way have affected the decision of
the court in reference to the question as to whether
5. the deed made by appellant to Gregg was a mortgage.
This evidence could only affect a supposed issue in
reference·to the cattle mentioned in the appellant's com-

plaint, and as these allegations of the complaint were mere surplusage, and presented no issue, the admission and rejection of the schedules in evidence could have done the appellant no harm. There is nothing in the point suggested by appellant that the assessment sheet of Gregg tendered in evidence by appellant was admissible for the purpose of showing Gregg's financial condition. Gregg's financial condition had nothing whatever to do with the case. The appellant's complaint proceeds upon the theory that Gregg advanced to him $1,600 in money, and that he paid off the $3,000 mortgage on the farm, and admits an indebtedness to the estate for $3,000. It proceeds upon the theory that, so far as the consideration for the conveyance is concerned, it was fully paid by Gregg, and the only question it presents is whether that consideration was a loan made by Gregg to appellant.

The only other question presented by the record in the case arises upon appellant's motion for a new trial as a matter of right. This question has been firmly settled by the adjudications in this State against appellant's contention. *Voss* v. *Eller* (1886), 109 Ind. 260; *Bennett* v. *Closson* (1894), 138 Ind. 542; *Bonham* v. *Doyle* (1907), 39 Ind. App. 434.

The judgment of the court below is affirmed.