## TAYLOR v. WINSTED ET AL.

[No. 10,599. Filed December 22, 1920.]

1. WITNESSES.—*Confidential Relations and Privileged Communications.— Third Person Present.— Husband and Wife.— Evidence.*—Statements or declarations made by one spouse to the other in the presence and hearing of third persons are not privileged. p. 513.

2. WITNESSES.—*Suits By or Against Heirs.—Widow Without Interest in Controversy.—Declarations of Ancestor.—Evidence.*—A widow, though party to the record, is not made incompetent by §522 Burns 1914, §499 R. S. 1881, to testify concerning statements made to her by her husband tending to prove an advancement to one of his children, in a suit for partition among his heirs involving that issue, where she has no interest in such issue, although she as such widow has inherited one-third of the lands in question. p. 513.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Action between Jessie M. Taylor and Nora C. Winsted and others. From the judgment rendered, the former appeals. *Affirmed.*

*James D. Sturgis* and *L. B. Simmons,* for appellant.
*Thomas J. Cofer, George W. Brill, Silas A. Hays* and *Mat J. Murphy,* for appellees.

REMY, C. J.—Suit for partition of certain real estate, and to charge appellant, Jessie M. Taylor, with an advancement of $1,600, alleged to have been made by Francis M. Craven to his son, John T. Craven, father of appellant.

The facts found by the court in its general finding are in substance as follows: Appellees Nora C. Winsted, Earl O. Craven and Emerson F. Craven, and appellant, Jessie M. Taylor, are each the owner in fee simple of an undivided one-sixth of the real estate sought to be partitioned, and appellee Ruth F. Craven is the owner of the undivided two-sixths thereof; that Ruth F. Craven is the surviving widow of Francis M. Craven, now deceased, and through whom the owners of the real estate inherit their respective shares; that decedent in his lifetime had advanced to his son, John T. Craven, father of appellant, Jessie M. Taylor, certain real estate of the value of $1,600, and that the interest of the appellant should be charged with said sum of $1,600. Judgment was rendered in accordance with this finding.

The principal question presented is the alleged error of the trial court in permitting appellee Ruth F. Craven, widow of decedent, Francis M. Craven, to testify concerning certain statements made to her by Francis M. Craven during the time they were living together as husband and wife. The testimony admitted was such

as tended to prove an advancement to John T. Craven, as found by the court, and the issue as to whether or not such advancement had been made was the only question in controversy at the trial.

It is first contended by appellant that Ruth F. Craven was an incompetent witness, for the reason that the statements, having been made to her by her husband, were privileged. It appears from the evidence, however, that the statements were made in the presence and hearing of a daughter of the witness, who at the time was sixteen years of age. It has been decided by the courts of appeal of this state, and by the courts of appeal in other jurisdictions, and is the law, that statements or declarations made by one spouse to the other in the presence and hearing of third persons are not privileged. *Reynolds* v. *State* (1897), 147 Ind. 3, 46 N. E. 31; *Lyon* v. *Prouty* (1891), 154 Mass. 488, 28 N. E. 908. The latter case holds that conversations between husband and wife in the presence of a fourteen-year-old daughter are not privileged, and that case was cited with approval by our Supreme Court in *Reynolds* v. *State, supra.*

Appellant also contends that said witness was incompetent, for the further reason that she is an heir of said decedent through whom she and the other parties to the suit had inherited the real estate, and is therefore prohibited from testifying by §522 Burns 1914, §499 R. S. 1881, which provides: "In all suits by or against heirs * * * to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

Vol. 74—33

To render a party incompetent to testify under the provisions of §522, *supra,* it must appear that such party has some interest in the result of the suit. In the case at bar the witness, though a party to the suit, and widow of the decedent, through whom she inherited one-third of the real estate, had no interest whatever in the controversy as to the advancement to which her evidence related. *Scott* v. *Harris* (1891), 127 Ind. 520, 27 N. E. 150; *Ruch* v. *Biery* (1887), 110 Ind. 444, 11 N. E. 312; §2929 Burns 1914, §2407 R. S. 1881. We therefore hold that appellee Ruth F. Craven, not being a party to the issue to which her testimony related, was not rendered incompetent to testify by reason of the provisions of §522, *supra.*

There is evidence to sustain the decision of the trial court. We find no reversible error. Judgment affirmed.