AT INDIANAPOLIS, NOVEMBER TERM, 1926, AND MAY
AND NOVEMBER TERMS, 1927, IN THE ONE
HUNDRED TWELFTH YEAR OF THE STATE.

---

### MOORE ET AL. *v.* STEWART.

[No. 12,468. Filed June 9, 1926. Rehearing denied November
23, 1926. Transfer denied March 15, 1927.]

EVIDENCE.—*Evidence of grantor's statements in support of his
deed to the grantee, held admissible to explain grantor's con-
tinued possession, though made in absence of adverse parties.*
—In an action involving the question whether a deed through
which plaintiff claimed title was, in fact, a mortgage, evidence
of the grantor's statements in support of the deed, made after
its execution, to the effect that the plaintiff had paid off the
incumbrances on his land and he had made the plaintiff a
deed, were admissible to explain grantor's continued posses-
sion, though made in defendants' absence.

From Washington Circuit Court; *James L. Tucker,*
Judge.

Action by Sherman C. Stewart against Josephine
Moore and another. From a judgment for plaintiff,
the defendants appeal. *Affirmed.* By the court in
banc.

*Wilbur W. Hottel,* for appellants.
*Elliott & Houston,* for appellee.

MCMAHAN, P. J.—Complaint by appellee for posses-
sion of certain real estate. From a judgment in his

favor, defendants appeal and contend the court erred in overruling their motion for a new trial. Appellee holds the legal title to the real estate involved by virtue of a warranty deed executed March 7, 1910, by appellant Josephine Moore, and her then husband, John W. Stewart, said grantors being the father and mother of appellee. John W. Stewart died in 1913, after which, appellant Josephine intermarried with her co-appellant Harley Moore. It is appellants' contention that the deed to appellee is in fact a mortgage given to secure the repayment of a debt owing appellee for money loaned by him to his father. The evidence on this question is conflicting, but it is ample to sustain the decision of the court, and it will not be set out further than is necessary to determine whether there was error in the admission of certain evidence.

The next contention is that the court erred in permitting Ed. Stewart, a brother of appellee, to testify concerning what his father said about making the deed to appellee. This witness, after having testified that he had had a conversation with his father about the time the deed to appellee was made, and that this conversation was had in the absence of appellants, was asked to relate that conversation. Appellants' objection on the ground that the conversation was had in their absence being overruled, the witness said he heard his father say, if appellee would pay what the father was owing, he would give appellee a deed for the land in question. The record does not clearly disclose to whom the father was talking at this time. Neither does it appear when the conversation took place. The inference, however, is that it was a short time before the conveyance was made, and at a time when the father was the owner and in possession of the land. The uncontradicted evidence is that there were three mortgages on the land. One to the state to secure a school

fund loan of fifty dollars; one to a man by the name of Nelson for sixty dollars; and one to William Mayfield for about $175. Mayfield is a brother of Mrs. Moore. The farm evidently was not very valuable. Mayfield, when testifying as to its value, said that in 1910, when the deed was made to appellee, it was worth from fifteen dollars to twenty-five dollars an acre, and, on being urged to be more definite, fixed its value at that time at $20 an acre. He also said it was not worth over six dollars an acre at the time of the trial. Other witnesses said it was worth four dollars or five dollars an acre. A short time before the deed to appellee was made, John W. Stewart had a conversation with Ambrose Bierly about his debts. Bierly, while testifying as a witness for appellee, was asked to relate this conversation, and in answer to this question said: "Why, he came over to my house—he came right often, and he said that Will Mayfield was going to close in and take the old place from him and he didn't know what to do, and I said: 'Sherman has been up north quite a while and making money. Hasn't he got enough money to redeem that?' And he says: 'I am going to find out. He might do that.' and in about four or six weeks I saw him and he said: 'Sherman paid it off, and we made him a warranty deed. I am glad he has it. He has no cook, and will let me stay there a while, and I am glad that it is settled. I have nothing to worry me. I would rather he would have it than Bill.' "

Objection was made to this question on the ground that it called for a statement made in the absence of appellants. There was no error in the action of the court in admitting the testimony of either of the witnesses, Ed. Stewart or Ambrose Bierly. The declarant being dead, and the extreme improbability of his making a false statement so strongly against his own interest amply authorized the admission of such evidence

when it is remembered the statements were made at a time when the person making them was in possession of the land in question. They were not made in disparagement of the title of his vendee.

In *Dean* v. *Wilkerson* (1890), 126 Ind. 338, 26 N. E. 55, a question arose as to the ownership of two notes which had been signed by Dean and made payable to the appellee's father. These notes, after the father's death, were in the possession of the appellee, but had not been indorsed by the father. It was held competent for the son to prove declarations made by the father in his lifetime to third persons, in the absence of the defendant, to the effect that he had made a gift of the notes to the son.

The statement made by John W. Stewart to the witness Bierly to the effect that he had made a deed of the place to appellee, and that he was glad of it as he would rather he would have it than Mayfield, was made after the conveyance and at a time when the grantor was in possession of the land, and was admissible for the purpose of explaining his possession. It was a statement in support of the conveyance. If it had been a statement tending to defeat the conveyance, a different question would be presented. See *Robbins* v. *Spencer* (1894), 140 Ind. 483, 38 N. E. 522, 40 N. E. 263. What was said or done by John W. Stewart in relation to the land in controversy while he was in possession was admissible in evidence. *McDaneld* v. *McDaneld* (1894), 136 Ind. 603, 36 N. E. 286; *Burr* v. *Smith* (1899), 152 Ind. 469, 53 N. E. 469.

For a general discussion of statements derogatory to title made after parting with title, see note, 1 A. L. R. 1240, note 134 Am. St. 610.

The statement of John W. Stewart in the presence of the witness Ed. Stewart was admissible in corroboration of the testimony of appellee as to the agreement

between him and his father and tends to explain his continued possession after the conveyance.

Judgment affirmed.