## ROBINSON ET AL. *v.* RICE.

[No. 12,363.   Filed December 16, 1926.]

1. BOUNDARIES.—*Landowner failing to appeal from a statutory survey within three years is bound thereby.*—A survey made in accordance with the statute (§11966 Burns 1926, §9518 Burns 1914) is conclusive evidence as to the corners and lines established thereby, and if a landowner fails to appeal therefrom within three years, he is bound thereby. p. 485.

2. BOUNDARIES.—*Presence of landowner held insufficient to establish official survey without proof of notice or consent.*—The fact that an interested landowner was present when a survey was made does not make the survey binding on him, in the absence of evidence that he was served with notice of the intended survey or that he consented thereto. p. 485.

3. EVIDENCE.—*Declarations of landowner made at the time of building a fence relative to his purpose in building it were admissible in quiet title suit involving a boundary line.*—In a suit to quiet title involving the boundary line between two landowners, declarations of one of the landowners, at the time he built a fence on the land involved, concerning his purpose in building such fence were competent, and it was error to exclude testimony of such declarations. p. 486.

4. BOUNDARIES.—*In suit to quiet title because of boundary line dispute, judgment should not be given against defendant whose boundary line is not disputed.*—In a suit to quiet title growing out of a dispute as to the line between two landowners, and charging trespasses by the owner of the adjoining land, judgment should not be given against a defendant as to whose line there was no dispute and who was not implicated in the alleged trespasses. p. 486.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by George W. Rice against Mary Robinson and others. From a judgment for plaintiff, the defendants appeal. *Reversed.* By the court in banc.

*Leonard, Rose & Zollars,* for appellants.
*J. H.* and *A. L. Aiken,* for appellee.

NICHOLS, J.—Action by appellee to quiet title to, and to restrain appellants from entering upon, land in Allen county described:

Beginning at a point 659.65 feet east of the center of section 19, township 29 north, range 12 east and 2635.8 feet north of the south line of said section 19; running thence east 670 feet; thence south to a stone on the south line of the southeast quarter of said section 19; thence west along said south line of said southeast quarter 658.5 feet; thence north to the place of beginning.

There was judgment for appellee, from which this appeal. The error presented in this court is the action of the court in overruling appellants' motion for a new trial, under which appellants present that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and that there was error in sustaining objections respectively to certain questions propounded to witnesses by appellants.

At the trial, it was admitted "that the land in dispute is a triangular piece of land, about nine feet wide at the north, running some distance and going to the boundary on the south side of the section between the

fence or fences and the new line of fence established by a survey in 1917; that plaintiff (appellee) is the owner in fee of the east half of the west half of the southeast quarter of sec. 19, tp. 29 N. R., 12 east in Allen county, Indiana; that the appellant, James B. Robinson, is the owner of the southeast quarter of the southeast quarter of said section and that appellants, Mary Robinson, Charles Robinson, Ira Robinson, Lulu Wickliffe and Edith Brindel are the owners in fee of the northeast quarter of the southeast quarter of said section, having become the owners thereof on the death of William Robinson. It is further admitted that the only matter in dispute in this cause is as to where the true division line lies between the west half and the east half of said quarter section of land."

It is clear from this admission that the line between appellants' lands and appellee's land is the quarter quarter section line between the east and west halves of the southeast quarter of the section.

A purported plat of such southeast quarter section, made by the surveyor of Allen county at the time of an attempted legal survey in 1917, and by him re-

1, 2. corded in the records of his office, was admitted in evidence. It appears by this purported plat that the division line as claimed by appellee and as found by the court was, at the north end, nine or ten feet to the east of the true division line between the west half and the east half of said quarter section. But evidently the court did not deem the proof sufficient to establish a statutory survey. As it seems to us, there was no sufficient proof that appellee was duly served with notice of the intended survey, nor that he consented thereto, though the evidence shows that he was present at the time the survey was made. The evidence should show that the statute was strictly followed, if such is the fact. Had the survey been made in accord-

ance with the statute, appellee, having failed to appeal therefrom within three years, must have been bound thereby. *Herbst* v. *Smith* (1880), 71 Ind. 44; *Wilson* v. *Powell* (1905), 37 Ind. App. 44, 75 N. E. 611. And with his admission as to the matter in dispute, we do not see how he could have prevailed.

It appears by the evidence that there was a ditch running north and south on or near the division line, and that there had been a wire fence on the west side and a rail fence on the east side thereof. Appellee claimed that the division line was at the rail fence, and that it had been there for a period much longer than twenty years, while appellants claim that the wire fence was on the division line and that such wire fence was there when the husband of appellant Mary Robinson, and father of the other appellants, was the owner of the land now owned by them, and when he built the rail fence east of the ditch. Under such circumstances, it was error to exclude evidence of declarations by him concerning his purpose in building such rail fence on the land involved, such declarations being made while he was the owner of, and in possession of the land, and tending to show that the rail fence was not intended to be a division line fence. Such declarations are admissible. *McDaneld* v. *McDaneld* (1894), 136 Ind. 603, 36 N. E. 286; *Gifford* v. *Gifford* (1914), 58 Ind. App. 665, 107 N. E. 308; *Vannice* v. *Dungan* (1908), 41 Ind. App. 27, 83 N. E. 250.

We are unable to understand why there should have been any judgment in any event against appellant James B. Robinson. There was no dispute as to the line between his land and the land of appellee, and there is no claim that he was guilty of any of the trespasses charged against other appellants in the complaint.

Judgment reversed.