Dean M. LEONS and Christine Leons, Appellants–Defendants,

v.

James BLOEMKER, Appellee–Plaintiff.

No. 69A05–9407–CV–270.

Court of Appeals of Indiana, Fifth District.

April 3, 1995.

Douglas C. Wilson, Batesville, for appellants.

Neil R. Comer, Osgood, for appellee.

## OPINION

BARTEAU, Judge.

When husband and wife hold title to real estate as tenants by the entireties, is notice to husband of a claim against the land sufficient to satisfy a requirement that the "owner" of the real estate receive notice? We think not, reverse the grant of summary judgment and remand for entry of summary judgment in favor of appellants.

The undisputed facts are that James Bloemker and Dean and Christine Leons are adjacent property owners in Friendship, Indiana. Dean and Christine Leons are husband and wife and hold title to their property as tenants by the entireties. Bloemker hired the surveying firm of Fewell, Pettitt, Bender and Associates, Inc. to conduct a "legal survey" pursuant to Ind.Code 36–2–12–10. Indiana Code 36–2–12–10(b) and (c) read:

(b) A landowner desiring to establish the location of the line between the landowner's land and that of an adjoining landowner by means of a legal survey may do so as follows:

(1) The landowner shall procure a land surveyor registered under IC 25–21.5 to locate the line in question and shall compensate that surveyor.

(2) The land surveyor shall notify the owners of adjoining lands that the land surveyor is going to make the survey. The notice must be given by registered or certified mail at least twenty (20) days before the survey is started.

(3) If all the owners of the adjoining lands consent in writing, the notice is not necessary.

(4) The lines and corners shall be properly marked, monumented by durable material with letters and figures establishing such lines and corners, referenced, and tied to corners shown in the corner record book in the office of the county surveyor or to corners shown on a plat recorded in the plat books in the office of the county recorder.

(5) The land surveyor shall present to the county surveyor for entry in the legal survey record book a plat of the legal survey and proof of notice to or waiver of notice by the adjoining landowners. The land surveyor shall give notice to adjoining landowners by registered or certified mail within ten (10) days after filing of the survey.

(c) The lines located and established under subsection (b) are binding on all landowners affected and their heirs and assigns, unless an appeal is taken under section 14 of this chapter. The right to appeal commences when the plat of the legal survey is recorded by the county surveyor in the legal survey record book.

Pursuant to I.C. 36–2–12–14, if an owner of affected property wishes to appeal the legal survey, the appeal must be commenced within (90) days if the owner is a resident of the county and was served with notice or within one (1) year if the owner is a non-resident and notice was by publication.

Bloemker's surveyor sent the preliminary notice required by I.C. 36–2–12–10(b)(2) by certified mail to Dean Leons at the Friendship address he shared with Christine. Dean Leons received the notice. No notice was sent to Christine Leons. The second notice required by I.C. 36–2–12–10(b)(5) was sent in the same manner—to Dean Leons but not to Christine.

When the time for appeal had passed, without either of the Leons filing an appeal, Bloemker filed a "Complaint To Quiet Title to Real Estate" against the Leons. His claim was founded on the survey he had caused to be conducted. After a hearing, the trial court granted summary judgment in favor of Bloemker.

The Leons assert that judgment in favor of Bloemker was error because the prerequisites to establishing a legal survey were not met. In particular, I.C. 36–2–12–10 requires notice to be sent to adjacent property owners, Christine was an adjacent property owner, and no notice was sent to her.

■ Notice is a pre-requisite to utilizing the legal survey statute to establish property lines. *Robinson v. Rice* (1926), 85 Ind.App. 483, 154 N.E. 391. The statute must be strictly followed and a party's presence at a survey or knowledge thereof is not a substitute for the legal notice required by statute. *Id.* "[S]ervice of notice has a definite meaning, and unless otherwise provided by law means personal service of the individual in such a way that the party who makes the service may be in a position to make due proof thereof to the court." *Bayes v. Isenberg* (1981), Ind.App., 429 N.E.2d 654, 659. The burden is upon the party seeking the benefit of a statute of this nature to give notice to all persons who possess an interest in the real estate. *Id.*

■ At least two Indiana cases have discussed the sufficiency of notice to only one of two owners of property held as tenants by the entireties. In *Bayes,* husband and wife owned property as tenants by the entireties and Isenberg, a sub-contractor who furnished materials and labor in the construction of husband's and wife's home, personally served husband with notice of his intent to hold a mechanics lien. The notice was addressed to both husband and wife. This court held that notice to husband alone did not satisfy the statutory requirement of notice to the owner of the property. It was noted that notice must be given to all owners of co-ownership property in order to bind the interest of all co-tenants. *Id.* at 657 (quoting Annot., "Who is the 'Owner' within Mechanic's Lien Statute Requiring Notice of Claim," 76 A.L.R.3d 605 (1977)).

Similarly, in *Idlewine v. Madison County Bank & Trust Co.* (1982), Ind.App., 439 N.E.2d 1198, Bank brought a foreclosure action against Idlewines, husband and wife, who owned the mortgaged property as tenants by the entireties. A joint summons was issued, and one copy was served at the residence and one sent by first class mail to the residence. Husband received both notices. This court found the notice insufficient to grant personal jurisdiction over wife, holding that "[o]ne copy of a joint summons delivered to a residence where two parties to the suit reside does not constitute proper service." *Id.* at 1201.

While *Bayes* and *Idlewine* are mechanic's lien and foreclosure actions respectively, the rationale for requiring service of both owners of tenancies by the entireties remains true for the legal survey statute before us. Because Christine did not receive notice of the attempt to establish a legal survey, the trial court's entry of summary judgment in favor of Bloemker was error.[1]

In his appellate brief, Bloemker does not address the argument raised by the Leons. Instead, he asserts that because the Leons made no designation of material issues of fact

or evidence, they have preserved nothing for review.

Indiana Trial Rule 56(C) does require a non-movant to specifically designate each issue of material fact the non-movant alleges precludes summary judgment and the evidence in support thereof. Indiana Trial Rule 56(H) further provides that no judgment rendered on a motion for summary judgment shall be reversed on appeal on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto have been specifically designated to the trial court.

■ However, the amendments to T.R. 56 creating the requirement that material issues of fact and supporting evidence in opposition to summary judgment be designated did not alter the structural burden for summary judgment. *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411. The purpose of the amendment was merely to limit the scope of materials in the record which a trial court may examine when determining the propriety of summary judgment and what portions of the record may be considered on appeal. *Id.* The party moving for summary judgment still bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* If the movant fails to make this prima facie showing, then entry of summary judgment in favor of the movant is precluded, regardless of whether the non-movant did or did not designate facts and evidence in response to the motion for summary judgment. *Id.*

■ Because the Leons did not designate any disputed facts, we accept Bloemker's allegation of facts as true. However, those facts and the evidence designated by Bloemker in his motion for summary judgment as a matter of law do not support entry of summary judgment in favor of Bloemker. To the contrary, they mandate summary judgment in favor of the Leons.

Bloemker designated the affidavit of William E. Pettitt, the surveyor, in support of

---

1. Further, in both *Bayes* and *Idlewine,* the notion that one spouse may be automatically considered the agent of the other was repudiated.

 

his motion for summary judgment. That affidavit states in part:

6. That notice was given to all adjoining land owners, by certified mail, of the fact that a legal survey pursuant to I.C. 36–2–12–10 would be conducted on the real estate in question;

7. That Dean Leons and Christine Leons were sent notice in the form of "Exhibit A" attached hereto on October 15, 1992, and received such notice on October 20, 1992, as evidenced by the certified mail receipt attached hereto and designated "Exhibit B";

\* \* \* \* \* \*

11. That notice of the filing of the survey was sent to all of the adjoining landowners by certified mail within ten (10) days of the filing of the survey;

12. That notice in the form of that in "Exhibit D", was sent to Dean Leons and Christine Leons on February 25, 1993 and received by them on February 27, 1993, as evidenced by the certified mail receipt attached hereto and designated as "Exhibit E";

"Exhibit A" is addressed to Dean Leons. "Exhibit B" is a certified mail receipt signed by Dean Leons. "Exhibit D" is addressed to Dean Leons. "Exhibit E" is the certified Mail receipt signed by Dean Leons. Bloemker does not contend that any notice other than that noted above was sent to either Dean or Christine.

As noted above, service on Dean alone was insufficient to satisfy the notice requirement of I.C. 36–2–12–10. Bloemker's Complaint to Quiet Title to Real Estate was based on the premise that a legal survey had been established. However, because Christine, an owner of the adjacent property, was not notified of either the survey itself or the filing thereof, the requirements of the legal survey statute were not met. Thus, no legal survey was created. Therefore, Bloemker's Complaint to Quiet Title to Real Estate must fail as a matter of law. Where evidence is undisputed and there are no unresolved facts to be determined, this court has the authority to determine, as a matter of law, that summary judgment was rendered for the wrong party. *Indiana Dept. of Ins. v. Zenith Re-Insurance Co., Ltd.* (1992), Ind., 596 N.E.2d 228, *reh'g denied.* Such was the case here, and we reverse the grant of summary judgment in favor of Bloemker and remand for entry of summary judgment in favor of the Leons.

Reversed and remanded with instructions.

RUCKER and RILEY, JJ., concur.