WONDERLY v. BOOTH and Others.

In the absence of fraud, if parties have a joint interest, the admissions of one will, in general, bind all; but proof that A agreed to keep B in stock as a blacksmith, and that A admitted that he was liable for goods got by B after a certain date, is not sufficient to establish such a unity of interest between A and B as to render this rule applicable.

APPEAL from the *Decatur* Circuit Court.

HANNA, J.—*Booth & Co.* sued *Wonderly* and *Smith*, on an account assigned to them by *Howard & Howard*. Answer: Denial and payment. Reply: Denial. Trial. Judgment against *Wonderly* and *Smith*, for eighty-six dollars, and against *Smith* for, etc.

It was shown, in proof, that while *Smith* was dealing with the *Howards*, *Wonderly* notified them that he would see them paid, etc.

The whole account, as is shown, was presented to *Smith*, and its correctness admitted by him. With the exception of a few items of small amount, this was all the evidence as to the sale or value of the goods, which consisted of many items.

One witness testified, that he "prepared a contract between *Smith* and *Wonderly*, by which *Wonderly* agreed to keep *Smith* in stock as a blacksmith." There were also, in evidence, the admissions of *Wonderly*, that he was liable for the goods got by *Smith* after a certain date, if he got any. *Wonderly* was a witness, and was not asked as to whether there was a partnership. One of the *Howards* was a witness, but said nothing as to the fact of the goods having been sold, or their value.

There was no other evidence showing a unity of, or joint interest between, *Smith* and *Wonderly*. Was there enough

shown on that point to authorize the reception of the admissions of *Smith* as evidence against *Wonderly*?

Although it is held that, in the absence of fraud, if parties have a joint interest, an admission made by one will, in general, bind all (1 Gr. Ev., sec. 174); yet we can not perceive the applicability of this principle to the facts proved. The proof of the fact, that the defendant, *Wonderly*, was to keep his co-defendant in stock, is readily reconcilable with terms of a contract other than a partnership. Story on Part., sec. 43. What the terms of the contract were is not disclosed. If there was not a joint interest, the credit should have been given to *Wonderly* alone, to have made him liable, unless he was liable in the character of a guarantor.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for another trial.

*Oscar B. Hord* and *Cortez Ewing*, for the appellant.

*Samuel Bryan*, for the appellees.