## RATHEL *v.* BRADY.

PRINCIPAL AND AGENT.—*Admissions of Agent.*—To authorize the admissions of an alleged agent to be given in evidence, it must be shown that they were made while transacting the business of the principal to which they refer.

PRACTICE.—*Exception to Instructions.*—Where instructions given to a jury are set out in the bill of exceptions, but no proper exception was taken to the giving of them, they present no question for the consideration of the Supreme Court.

From the Madison Circuit Court.

*R. Lake* and *H. Craven*, for appellant.

*M. S. Robinson*, *J. W. Lovett*, and *W. March*, for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellant, to recover the balance due for certain hogs sold and delivered by the plaintiff to the defendant. There were issues, and a trial by jury, verdict and judgment for the plaintiff, a motion for a new trial having been made and overruled.

The overruling of the motion for a new trial is the only error assigned. The evidence is not in the bill of exceptions. On the trial of the cause, it was shown, according to a bill of exceptions which does not profess to set out the evidence, "that the defendant, to maintain the issues on his part, offered and gave in evidence the fact that Francis M. Brady, the son of the plaintiff, as the agent of his father, delivered to the defendant, at," etc., " the hogs of his father, prior to that time sold by the plaintiff to the defendant ; that the money, which the defendant paid on the contract at the time of the delivery of the hogs, was paid to the said Francis M. Brady, for his father ; and that said Francis M. afterward, as the agent of his father, called on the defendant, at," etc., " for what was claimed as the unpaid balance due on the price of the hogs." The defendant then proposed, as the bill states, to prove the admissions and statements of said Francis M. at the time of making such demand. But on objection by the plaintiff, the court refused to allow him

to do so, but remarked that any admission that said Francis M. Brady had made at the time that the hogs had been paid for might be introduced in evidence by the defendant. To which ruling of the court the defendant excepted. We do not see any ground to complain of this ruling of the court. It does not appear that the witness was demanding pay for the hogs in controversy in this action. It does not appear what other or additional statements the defendant sought to prove, or that they had any relation to the matters in controversy in this case. And it seems to us that the remark of the court, as to what further statements or admissions might be shown by the defendant to have been made by the witness, was all and perhaps more than the defendant had a right to ask.

Certain instructions given by the court are set out in the bill of exceptions, but there does not appear to have been any exception taken in any proper form to the giving of them. Under these circumstances, there is nothing for us to decide with reference to them. There is nothing else in the case.

The judgment is affirmed, with ten per cent. damages and costs.