## Coon *v.* Gurley.

PRINCIPAL AND AGENT.—*Authority of Agent.—Evidence.*—Before one can be affected by the acts and declarations of another as his agent, the agency must be proved; and where the question is as to the extent of the agent's powers, it must first be shown that they extend to the acts or declarations in question.

From the Huntington Circuit Court.

*J. G. Branyan,* —— *Watkins, F. M. Finch,* and *J. A. Finch,* for appellant.

*L. P. Milligan* and *W. W. Woollen,* for appellee.

DOWNEY, J.—Action by the appellee against the appellant, to recover for real estate sold and conveyed, and to enforce a vendor's lien for the amount. Answer by a general denial, and two special paragraphs. Reply in denial of the special paragraphs. Trial by the court and finding for the plaintiff. A motion for a new trial was made by the defendant, which was overruled, and there was final judgment for the plaintiff for the amount of the finding.

The only error properly assigned is the overruling of the motion for a new trial.

There were two causes or reasons for a new trial stated in the motion, viz.:

1. That the finding of the court was contrary to law and the evidence; and,

·2. The refusal of the court to allow the defendant, when testifying, to state that he had complied with the terms of the purchase, as he alleged the same was agreed to by the agent of the plaintiff, and that by such terms the part of the purchase-money remaining unpaid was not yet due.

We have examined the case with reference to both of these grounds, and are of the opinion that the court committed no error in refusing to grant a new trial.

The case is argued mainly on the second ground for a new trial.

The sale was made by the plaintiff through an agent. The question was as to the authority of the agent. It did not appear that the agent had authority to make the contract, as is insisted upon by the defendant. It could not have availed the defendant anything to prove an agreement with the agent, ·which the agent had no authority from his principal to make, and then prove a compliance with such agreement. The agency must first be proved before the principal can be affected by the declarations or acts of the agent. And where the question is as to the extent of the powers of the agent, it must first be made to appear that they extend to the acts or declarations in question, before they can bind the principal. *Rowell* v. *Klein,* 44 Ind. 290 ; *Rathel* v. *Brady,* 44 Ind. 412.

The judgment is affirmed, with ten per cent. damages and costs.