The Pittsburgh, Cincinnati and St. Louis Railroad Co. *v.* Theobald.

Pleading.—*Railroad.*—*Injury to Passenger.* — Where a complaint against a railroad company, for an injury to the plaintiff, shows that he was rightfully upon the train of the defendant as a passenger, and alleges that the servants and agents of the defendant wrongfully struck and threw the plaintiff from the cars, it will sufficiently show that the wrong complained

of was committed by the servants of the defendant in their employment of running the train of cars.

EVIDENCE.— *Declarations and Acts of Agent.* — The declarations or admissions of an agent or employe, concerning the infliction of a personal injury upon a passenger on a railway train, made the same night, but after the injury, is not admissible against the railroad company. Neither can the acts of an agent, done after the event to which they relate has transpired, not within the scope of his services, be admitted, to bind his principal.

SAME.—*Deposition.*—Evidence in a deposition should not be suppressed, where there is any conceivable way in which it can be made competent in the case. Should it not become competent in the course of the trial, it may properly be objected to when offered.

From the Wayne Circuit Court.

*W. A. Bickle* and *J. P. Siddall,* for appellant.

*I. B. Morris, B. F. Claypool* and *D. W. Comstock,* for appellee.

BIDDLE, C. J.—The complaint of the appellee against the appellant avers the following facts: That the appellant was a corporation, duly organized in pursuance of the laws of the State of Indiana, and was the owner and operator of the Pittsburgh, Cincinnati and St. Louis Railway, running through Richmond, in Wayne county, Indiana, and extending through and beyond Frankton, in the county of Madison, Indiana, and was the owner and operator of the cars and locomotives used upon said road, and was engaged in the business of a common carrier of passengers on said road for hire, and as such admitted the appellee into a car and train upon said road, for a certain reward received by the appellant from appellee, as a passenger thereon, from Richmond to Frankton; that when the appellant received the appellee, it was night and dark; that defendant performed its duty so carelessly, negligently and wrongfully, that, instead of carefully and safely carrying the appellee, and landing and permitting him to alight from said car and train on the platform at said station, failed to stop said train at said platform, and carried him beyond the same; and, without any fault on his part, while the train was running, the defendant, by its servants and agents, and while the appellee was standing on the

platform of said car waiting for them to stop at said station, unlawfully struck him, and wantonly, forcibly and maliciously threw him from said car to the ground, and upon the track of said defendant, whereby one of the appellee's feet was broken and cut off by the cars aforesaid, and, by reason thereof, the appellee became and was for a long time sick and unable to walk; that he suffered great mental and physical pain, and was wholly unable to attend to his necessary and usual business, and has so continued to the present time, and has been put to great expense, to wit, five hundred dollars, for surgical and other treatment and attendance in attempting to cure himself of said injuries; that he was compelled to have his leg amputated, and has thereby become a cripple and prevented for life from actively pursuing his business. Wherefore, etc.

The averments are properly made as to date and venue.

To this complaint the appellant filed a demurrer, for want of sufficient facts, which was overruled by the court, and exception taken.

The appellant then answered by general denial. Upon this issue a trial by jury was had, and a verdict for the appellee. Motion for a new trial overruled, exception, judgment, appeal.

It is urged against the complaint, that it does not sufficiently show that the wrong complained of was committed by the servants of the appellant in their employment of running the train; but we think it sufficiently specific in this respect. *The Evansville, etc., R. R. Co.* v. *Baum*, 26 Ind. 70; *The Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116; *The Indianapolis, etc., R. W. Co.* v. *Anthony*, 43 Ind. 183; *The Terre Haute, etc., R. R. Co.* v. *Fitzgerald*, 47 Ind. 79; *The Terre Haute, etc., R. R. Co.* v. *Graham*, 46 Ind. 239; *The Indianapolis, etc., R. R. Co.* v. *Hamilton*, 44 Ind. 76.

At the proper time, the appellant moved to suppress certain parts of depositions taken on behalf of the appellee, to be read in evidence on the trial of the case, among them the

following questions and answers in the deposition of Jesse Etchison:

"Question 14. What conversation, if any, did you hear between the brakeman on the train and some other person, that night, about plaintiff's being knocked off the train?

"Answer. One man said to brakeman, 'Why didn't you push him harder?' Brakeman said, 'I would, but damn his old soul, he caught to something.

"Question 15. What conversation, if any, did you hear between said brakeman, the conductor and the plaintiff?

"Answer. George" (the appellee) "told them that they threw him off. The conductor said they did not. They disputed two or three times, but the conductor said, if they did, they would make it all right."

The motion to suppress was overruled, and the questions and answers were read to the jury, over the objections and exceptions of the appellant, as evidence in chief, on behalf of the appellee.

We are of the opinion that the court erred in overruling the motion to suppress, and in allowing the questions and answers to be read to the jury as evidence. Neither the declarations nor admissions of an agent, made after the event to which they refer has transpired, can be received as evidence to bind his principal, unless they are so immediately connected therewith as to become a part of the *res gestæ;* and it is clear that the statements made by the agent, as above, were no part of the transaction. This established principle is fully supported by the following authorities: *Tomlinson* v. *Collett*, 3 Blackf. 436; *Hynds* v. *Hays*, 25 Ind. 31; *The Lafayette, etc., R. R. Co.* v. *Ehman*, 30 Ind. 83; *Bennett* v. *Holmes*, 32 Ind. 108; *The Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335; *Rathel* v. *Brady*, 44 Ind. 412; *Dickinson* v. *Colter*, 45 Ind. 445.

The appellant also moved to suppress the following parts of the answer of Caleb Dwiggins to question seven in his deposition:

. "He, the person that came up to where this one was thrown

The Pittsburgh, Cincinnati and St. Louis R. R. Co. *v.* Theobald.

off, commenced to hollow, 'Come back and see what you have done.'

" When the train-hands came back, they took the lantern and went and saw where the old man was thrown off or fell off. * * * I went with them myself to where the old man was thrown off."

The motion was overruled.

We think this was error. The acts of an agent, after the event to which they relate has transpired, and not within the scope of his service, cannot be admitted to bind his principal, for the same reasons which exclude his admissions and declarations. See authorities *supra*.

The statements of an agent, however, made after the transaction, may be introduced as evidence, for the purpose of contradicting him as a witness, when proper ground is laid, as in other cases.

The appellee moved to suppress the following question and answer in the deposition of Newton S. Markley, taken on behalf of appellants:

" Question 5. Did the train on that occason back at all after stopping, and if so, how far?

" Answer. It did not back at all."

The court sustained the motion, suppressed this evidence, and refused to allow the appellant to read it to the jury.

This was erroneous. Evidence in a deposition should not be suppressed, when there is any conceivable way in which it can be made competent in the case; otherwise, certain evidence, such as anticipates the evidence of the opposite party, or for the purpose of impeaching or answering impeaching questions, or the contents of papers lost or destroyed, could never be secured by depositions. In such cases, if it should not become competent in the course of the trial, it can be objected to when offered to the jury, and the objection sustained; but if such evidence should be suppressed before trial, and should afterwards become competent, and necessary, the party would be without his evidence to properly meet the case made by his opponent.

In the case we are considering, it became a material question whether the train ran past the platform, and afterwards backed up to it, or stopped at the platform in the first instance; and to this issue the evidence suppressed would have been material for the appellant. It was therefore wrong to suppress it. *The Baltimore, etc., R. R. Co.* v. *McWhinney,* 36 Ind. 436; *The Indianapolis, etc., R. W. Co.* v. *Anthony,* 43 Ind. 183.

Several questions are made upon instructions given and refused by the court; but we think those given cover the whole ground of the case, and substantially include those refused.

It is not error to refuse a proper instruction asked by a party, if the same in substance is given by the court. The court is not bound to repeat its instructions.

The judgment is reversed; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.

ON PETITION FOR A REHEARING.

BIDDLE, C. J.—The appellee still insists that we are mistaken in stating, in the opinion delivered, that questions fourteen and fifteen of the deposition of Jesse Etchison, and their answers, were read to the jury as evidence in chief, and refers us to certain marginal notes in the record, opposite to the objectionable questions. The note opposite question fourteen is as follows: "Objected to, overruled, read in rebutting." The note opposite question fifteen is as follows: "Overruled, read in rebutting." There is no asterisk, sign, or reference, whatever, to connect the marginal notes with these questions, any more than with any other question, or part of the same page. Besides, our rule of practice nineteen requires the appellant to cause marginal notes to be placed on the transcript, in the proper places, to indicate the several parts of the record, and there is nothing in these marginal notes to distinguish them from any other marginal notes on the transcript—nothing, in short, to make them a part of the

official record. And if the notes were a part of the record, how the counsel can claim, when the objection to the questions and answers was overruled, that they were therefore not read as evidence in chief, is what we do not understand. We should conclude, for that very reason, that they were so read.

Etchison's deposition was introduced early in the testimony of the appellee, before the appellant had introduced any evidence at all, and therefore must have been read in chief. And surely the words "read in rebutting" do not show that they were not read in chief. Again, if they were not read in chief, why did the counsel for appellee allow the appellant, in introducing her evidence in chief, to read the deposition of Robert Roper to contradict the words in Etchison's deposition? It seems to us that neither counsel nor the court, if such were the facts, would have allowed anything of the kind.

The order of the evidence stands thus: If the objectionable questions and answers had not been read in chief, Roper's deposition could not have been read to contradict them, and without both of them had been introduced, there would have been no ground, whatever, to read Etchison's deposition in rebutting.

We thus state these tedious and uninteresting details — so unnecessary to the case, as we think, and which so encumber our reports—for the purpose of answering the great zeal and earnestness of the counsel, and to assure them that we do not make statements in our opinions without first having given them our fullest care and most watchful attention, with the best ability we possess. True, after we have done all we can, we may be wrong; and when we are, we are very thankful to counsel for pointing out our errors; but it does seem to us, in this case, whatever were the facts below, that the point which the counsel so persistently claim is not presented in the record.

The petition for a rehearing is overruled.