No. 14,918.

## ROBBINS ET AL. *v.* SPENCER ET AL.

PARTITION.—*Evidence and Argument.—Open and Close.*—Where the defendants in a partition suit allege that the land was conveyed to them by the decedent, through whom the plaintiffs claim, before her death, and assert an absolute title in fee simple to the whole tract, the plaintiffs are entitled to the open and close of evidence and argument.

SAME.—*Instruction to Jury.—Inconsistent Instruments.—Real Estate.—Deed.—Lease.*—In a suit in partition an instruction is erroneous which leaves the jury to infer that the execution of a lease, whereby the defendants became entitled to the use of the life-estate which had been reserved to the grantor by the terms of a prior deed, is inconsistent with the delivery of the deed which conveyed to the defendants the remainder over after the termination of the life-estate.

Robbins *et al. v.* Spencer *et al.*

SAME —*Lease.—Deed.—Remainder.*—The execution of a lease granting to the lessees the use of the life-estate which the lessor has reserved, is not inconsistent with the fact that a deed for the remainder over had previously been delivered to the lessees.

SAME.—*Instruments Conveying Different Interests.—Province of Court.*—Where two instruments between the same parties conveying different interests in the subject-matter in litigation are admitted in evidence, the court must determine the force and effect of each, and whether the execution of one is inconsistent with the other.

EVIDENCE.—*Impeaching Witness.— Cross-Examination. — Rebuttal.* — Where the impeaching witness on direct examination states that the general reputation for truth and veracity, as well as the general moral character, of one of the defendant's witnesses is bad, and upon cross-examination by the defendant, names the persons who have spoken disparagingly of the impeached witness, the defendant will not be permitted to call such persons in order to contradict the impeaching witness.

From the Gibson Circuit Court.

*J. T. Beasley, A. B. Williams* and *G. B. Reily,* for appellants.
*W. C. Hultz* and *O. B. Harris,* for appellees.

MITCHELL, J.—This is an appeal by William M. and Anthony S. Robbins from a judgment rendered in a proceeding for the partition of real estate, instituted by Martha A. Spencer and others. It was alleged in the complaint that Eliza Robbins, late of Sullivan county, died in the month of October, 1882, the owner in fee simple of certain described real estate situate in the county above named, and that she left the plaintiffs and defendants as her heirs at law, to whom the real estate therein described descended. William M. and Anthony S. Robbins answered that they were the absolute owners of the land described in the complaint, and that they derived their title through a warranty deed executed to them by Eliza Robbins on the 28th day of April, 1869, under which they alleged they had taken and held the exclusive possession of the land, and made lasting and valuable improvements thereon. They set up substantially the same facts in a cross-complaint, and asked as affirmative relief that their title to the land be quieted.

The litigation was altogether between the plaintiff and the

above-named defendants, the other defendants having disclaimed any interest in the subject-matter of the suit.

Complaint is first made of the ruling of the court in denying the appellants' right to open and close the evidence and argument to the jury. This ruling was, however, very clearly right.

Instead of admitting all the material facts alleged in the complaint, the appellants argumentatively denied them, by averring that the land had been conveyed to them some years prior to the death of Eliza Robbins, and by asserting an absolute title in fee simple to the whole tract.

Where the defendant either directly or by necessary implication confesses all the issuable allegations of the complaint, and avoids them, by pleading new matter, he is entitled to the open and close, but, as we have seen, the answer in the present case is, in effect, a denial, leaving the burden of proof, so far as the complaint was concerned, upon the plaintiffs. Where the pleadings are so framed as to entitle the plaintiff, without any proof, to obtain all the relief he demands, the defendant is entitled to the open and close. If, however, the court could not, without hearing evidence, render judgment in plaintiffs' favor for his entire demand, or afford him all the relief claimed, he can not be deprived of that privilege. *McCormick Harvesting, etc., Co.* v. *Gray*, 100 Ind. 285; *Reynolds* v. *Baldwin*, 93 Ind. 57; *McCoy* v. *McCoy*, 106 Ind. 492; *Shulse* v. *McWilliams*, 104 Ind. 512.

At the trial witnesses were called who gave evidence tending to impeach the general reputation for truth and veracity and the general moral character of one of the witnesses who testified on behalf of the appellants. After having stated, on direct examination, that the general reputation for truth and veracity, as well as the general moral character of the witness, was bad, the impeaching witness, in answer to questions put on cross-examination, requesting him to give the names of persons who had spoken in derogation of the reputation and character of the impeached

witness, mentioned the names of four or five different persons. In rebuttal the appellant called the persons whose names had been thus mentioned as witnesses, and, by proper questions, proposed to prove by them that they had never said anything to or in the presence of the respective impeaching witnesses to indicate that the impeached witness was either untruthful or immoral. This evidence was excluded, and this ruling is complained of.

It has been pertinently said that "issues are more likely to multiply in ascertaining the interest or testing the credibility of witnesses, than in any other incidents of a trial." The fact must, therefore, be kept in view that the impeachment of the general character and reputation of a witness is a matter collateral to the main issue on trial, and must be governed by the principles applicable to all other collateral inquiries.

The rule seems to be settled when general evidence impeaching the credit of a witness has been given, the opposite party may go into a cross-examination to ascertain the grounds of the unfavorable opinion, and the means of knowledge possessed by the impeaching witness, including an inquiry into the source and nature of disparaging reports. *People* v. *Mather*, 4 Wend. 230 (259) ; *Lower* v. *Winters*, 7 Cow. 263 ; *Phillips* v. *Kingfield*, 19 Maine, 381 ; *Bates* v. *Barber*, 4 Cush. 107 ; 3 Greenl. Ev., section 461.

The object of the cross-examination, as has been in effect said, is not only to enable the court and jury to determine whether the impeaching witness in fact knows the general reputation of the other, but to test the correctness of his evidence, and to afford the witness assailed the means of protection if the assault upon him is unjust. *People* v. *Annis*, 13 Mich. 511. Accordingly, it has been held that the impeaching witness may be asked, on cross-examination, to name the individuals who have spoken disparagingly of the impeached witness, and what they said. *State* v. *Perkins*, 66 N. C. 126 ; *Weeks* v. *Hull*, 19 Conn. 376 ; Wharton Ev.,

sections 565–568; 2 Phillipps Ev. 958.   To this extent the rule seems to be satisfactorily established, but we know of no authority, nor can we conceive of any valid reason, which would justify a collateral issue, such as would arise if the evidence proposed were admitted, between the witnesses. Such an inquiry would only tend to embarrass and delay trials without subserving the ends of justice.

The established rule, applicable in a case like the present, as in all other cases, is that " in order to avoid an interminable multiplication of issues,it is a settled rule of practice,that when a witness is cross-examined on a matter collateral to the issue he can not, as to his answer, be subsequently contradicted by the party putting the question." 1 Whart. Ev. section 559; *Welch* v. *State,* 104 Ind. 347.   The evidence excluded falls directly within the rule above stated. In *People* v. *Mather,* *supra,* it was proposed, by way of supporting the credit of a witness, whose character had been disparaged by others, to introduce witnesses to show that the reports against the witness had originated from a particular party or body of men, and were founded on a particular transaction which had been intentionally perverted to injure the character of the witness.   In ruling that the evidence was rightly excluded the court, per Marcy, J., said:   " If the public prosecutor had been permitted to introduce evidence to show that the reports originated with a particular party or body of men, the defendant must have been allowed to controvert the fact by the testimony of other witnesses.   If it was allowable for one party to show that the bad character arose from a particular transaction which did not justify the disparaging reports, the other party must be allowed to show that the nature of the transaction was such as to warrant them." With equal propriety it may be said, in the present case, if the appellants had been permitted to show by witnesses that they never said anything in disparagement of the character of the impeached witness, the other side must have been allowed to call still other witnesses to prove the contrary.   By this

means the matter in issue between the parties might have been obscured, or subordinated by a collateral controversy between the witnesses. Our conclusion is that the testimony was properly excluded.

As we have seen, the appellants claimed title to the land, sought to be partitioned, through a deed dated in April, 1869. The controversy was mainly whether or not the deed had ever been delivered to the grantees. The deed, if fully executed, conveyed the land to the appellants in fee simple, reserving in an obscure way a life-estate therein to the grantor. *Spencer* v. *Robbins*, 106 Ind. 580. For the purpose of raising an inference that the above-mentioned deed had never been delivered, the plaintiffs below read in evidence a lease executed by Eliza Robbins to the appellants, dated in April, 1882. By the terms of the lease the lessees were to have the use of the lands in controversy during the lifetime of the lessor, there being a stipulation reserving to her the use of the dwelling-house, and requiring the lessee to furnish all necessary provisions for her support. As relevant to this feature of the case the court instructed the jury as follows:

" In considering whether Eliza Robbins intended the deed to William M. and Anthony Robbins to be delivered, or whether the said deed was delivered, you may take into consideration with all the other facts and circumstances in the case, bearing on that issue, the fact, if the same has been proved, that the said Eliza Robbins executed to the said William M. and Anthony S. Robbins, since the date of the deed to them, a contract or lease of the same lands described in said deed, and that said William M. and Anthony S. Robbins signed and accepted the same, if you believe there is any inconsistency between the alleged deed and lease."

This instruction was erroneous. It left the jury to infer that the execution of the lease, whereby the appellants became entitled to the use of the life-estate which had been reserved to the grantor by the terms of the prior deed, might,

as a matter of fact, be considered by them as inconsistent with the delivery of the deed which conveyed to the appellants the remainder over after the termination of the life-estate. As a proposition of law, however, the execution of a lease granting to the lessees the use of the life-estate which the lessor had reserved, would not be inconsistent with the fact that a deed for the remainder over had previously been delivered to the lessees.

It is the exclusive province of the court to interpret written instruments affecting the rights of the parties, and where, as in the present case, two instruments between the same parties, conveying different interests in the subject-matter in litigation, are admitted in evidence, the court must determine the force and effect of each, and whether the execution of the one is inconsistent with the delivery of the other. *Comer* v. *Himes*, 49 Ind. 482; *Symmes* v. *Brown*, 13 Ind. 318; Thompson Trials, sections 1065, 1066.

As a matter of course, where a writing is introduced in evidence for the purpose of showing some extrinsic or collateral fact, and its effect does not depend upon the construction or meaning of the instrument or of its effect upon some other instrument, the inference of fact is to be drawn by the jury. Thompson Trials, section 1098. That principle can not, however, rescue the instruction in the present case, and the reason is that the court here left it to the jury to interpret the lease and the deed in respect to the effect one instrument had upon the other, and to say whether or not there was any inconsistency between them. The only possible inference the jury could draw from the instruction was that they might consider the execution of the lease, if they found one had been made, as inconsistent with the fact that a deed had previously been executed. We can not say that this error was harmless. The bills of exceptions containing the evidence and instructions are properly in the record.

The judgment is reversed, with costs.

Filed Oct. 31, 1889; petition for a rehearing overruled Jan. 29, 1890.